*Tagged Opinion*

ORDERED in the Southern District of Florida on Nov. 22, 2016

Laurel Myerson Isicoff, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

LEONIDAS ORTEGA T.,                                         Case No.: 15-20614-LMI

    Debtor.                                                 Chapter 7
_____/

ROBERT A. ANGUEIRA, as Chapter
7 Trustee of the Bankruptcy Estate of
LEONIDAS ORTEGA T.,

    Plaintiff,

v.                                                          Adv. No.: 16-1277-LMI

LEONIDAS ORTEGA TRUJILLO, *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS COMPLAINT AND/OR MOTION FOR MORE
DEFINITE STATEMENT AND MOTION TO STRIKE**

1

This matter came before the Court for hearing on September 29, 2016, at 3:00 p.m., on the Defendants' Motion to Dismiss Complaint and/or Motion for More Definite Statement and Motion to Strike (the "Motion") (ECF #16). The Court has considered the Motion, the Trustee's response to the Motion (ECF #23), and Defendants' reply (ECF #24), and the argument of counsel. For the reasons set forth below, the Motion is Granted in Part and Denied in Part.

## BACKGROUND

The Debtor, Leonidas Ortega Trujillo (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 11, 2015 (the "Petition Date"). On June 22, 2016, the Trustee filed an amended complaint (the "Amended Complaint") (ECF #4). The Trustee alleges that the Debtor, prior to, and continuing after the Petition Date, "has engaged in an complex, fraudulent scheme intended to shield and conceal his assets from his creditors ... and to avoid paying income taxes." (Amended Complaint ¶31.) The Debtor's largest creditor is Interamerican Asset Management Fund Limited, which holds a judgment of almost $600 million against the Debtor resulting from litigation against the Debtor that commenced in 1996. The Trustee alleges that the Debtor has utilized various corporate entities and a Panamanian foundation to carry out his scheme, including the other defendants in this action, TLG The Language Group, LLC ("TLG"), I.F. Multicultural Interactive Solutions, LLC ("IF MIS"), TL2 Travel Live & Learn, LLC ("TL2"), Infiservice Corp. ("Infiservice"), Grupo IF-USA Corp. ("Grupo IF"), Panama Investment Moon Corporation ("PIMC"), and LTG Foundation.

The Amended Complaint contains five counts. Count I is an action for alter ego and to pierce the corporate veil; Count II is for a Declaratory Judgment; Count III is for Turnover pursuant to 11 U.S.C. §542; Count IV is for an Accounting; and Count V is for an Equitable Lien or Constructive Trust.

## DISCUSSION

On August 15, 2016, the Defendants filed the Motion that is currently before the Court. In the Motion, the Defendants contend that (1) the Trustee failed to state a claim upon which relief can be granted for a number of the Counts; (2) the Trustee lacks standing to assert a claim for alter ego and piercing the corporate veil; and (3) the Counts for turnover and accounting are, at a minimum, premature. Consequently, the Defendants seek dismissal of the Amended Complaint. Alternatively, the Defendants request a more definite statement. The Defendants also request that this Court strike certain fraud related allegations from the Amended Complaint.

### Alter Ego

In Count I of the Amended Complaint, the Trustee asserts that LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC are alter egos of the Debtor and seeks to pierce the corporate veil (*See* Amended Complaint. 48-52.) Based on these allegations, the Trustee seeks entry of a judgment (i) determining that LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC are alter egos of the Debtor; (ii) determining that the Debtor used LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC for a fraudulent and improper purpose causing injury to the Estate; and (iii) piercing the corporate veil.

The Defendants argue that the Trustee lacks standing to assert this claim, and this claim should be dismissed. The Defendants rely on this Court's ruling in *In re Kodsi*, 2015 WL 222493 (Bankr. S.D. Fla. 2015), where this Court held that a trustee, in the shoes of an individual debtor, lacked standing to assert an alter ego claim against a corporate entity that he or she alleges is being used as a mere instrumentality. The Court based its ruling, in part, on the Court's opinion that, intuitively, it does not make sense that such a cause of action *could* exist. A bankruptcy trustee

steps into the shoes of the debtor; thus, the trustee of an individual debtor bankruptcy should only be able to bring an alter ego action if an individual could bring an alter ego action against one of its own corporate entities. That didn't seem logical. Moreover, neither the Court, nor the parties in the *Kodsi* litigation, could find any cases in Florida, or any other state, holding that an individual could bring such a claim. However, having looked at the issue again, and after additional analysis, the Court recedes from its initial opinion in *Kodsi*[1].

In *In re Icarus Holding, LLC*, the Eleventh Circuit Court of Appeals held that "in order to bring an alter ego action under section 541, a bankruptcy trustee's claim should (1) be a general claim that is common to all creditors and (2) be allowed by state law." 391 F.3d 1315, 1321 (11th Cir. 2004) (*Icarus I*).

At this initial pleading stage there is no dispute that the Trustee asserts the alter ego claim on the behalf of the Estate as a claim common to all creditors. *See Id.* at 1321 (finding that alter ego action was a claim common to all creditors because the debtor's assets had been "looted," so that the harm was not to a single creditor); *In re Xenerga, Inc.*, 449 B.R. 594, 598-99 (Bankr. M.D. Fla. 2011) (finding that the alter ego claim was a general claim common to all creditors where the alleged injury was to the debtor itself, and not to a particular creditor, because the conduct of the principals wrongfully depleted the debtor's assets).

The dispute is the second prong of *Icarus I*, as the Trustee only has standing to bring the alter ego claim if the claim is allowed by Florida law. The Defendants argue, based on this Court's ruling in *Kodsi*, that Florida law does not allow the trustee in the case of an individual debtor to assert an alter ego claim against the debtor's purported alter egos, even if such a claim may be

---

[1] A Motion for Reconsideration of Order Granting in Part and Denying in Part Motion to Dismiss (ECF #55) was filed in the Kodsi case (Case No.14-1763) but the parties settled before the Court had the opportunity to address the motion.

4

allowed in a corporate debtor case. The Trustee cited several cases to convince this Court that it should recede from *Kodsi*, only one of which this Court finds relevant and persuasive.[2]

In *In re Haisfield*, Case No. 3:13-ap-00065-PMG (Bankr. M.D. Fla. Oct. 12, 2016), an unpublished opinion[3] the bankruptcy court held that the creditors' committee, suing derivatively on behalf of the individual debtors, had standing to assert alter ego claims against the debtors' alleged alter ego corporate entities. The court reviewed the various cases on this issue and observed the following:

> [T]he key factors for a trustee to bring an alter ego action are (1) the debtor's abuse of separate entities or business forms, and (2) the action's remedial purpose to address the injury to creditors caused by the abuse. . . . [T]herefore, it appears that the purpose of an alter ego claim may apply both to individual and corporate debtors, as long as the trustee shows that the debtor engaged in inequitable conduct by abusing separate entities to injure all of the debtor's unsecured creditors.

*at 10. While this principal is sound as stated, nonetheless, the Florida case that is recognized as the source of the law for alter ego and veil piercing – *Dania Jai-Alai Palace, Inc, v, Sykes*, 450 So. 2d 1114 (Fla. 1984) – deals with veil piercing only between corporate entities. Thus it is important to go back to *Dania Jai-Alai*, to determine whether the Florida law on veil piercing is limited to

---

[2] The Trustee cited *Gilbert v. Doris R. Corp.*, 111 So. 2d 682 (Fla. 3d DCA 1959) (holding that individual shareholders of a corporation could disregard the corporate form and assert that a loan made to their corporation was usurious where the lender insisted that the shareholders incorporate an entity to receive the proceeds—even though the proceeds were for the individual shareholders' benefit—solely to avoid the lower usury rate for individual borrowers); however this is not an alter ego case at all, but rather, a case creating an equitable remedy. See *Dania Jai-Alai Place, Inc. v. Sykes*, 450 So. 2d 1114, 1118 (Fla. 1984) discussing *Levenstein v. Sapiro*, 279 So. 2d 858 (Fla. 1973). The Trustee also cited *In re Checiek*, 492 B.R. 918 (Bankr. M.D. Fla. 2013) (recognizing that Florida law allows an individual to veil pierce its own corporation, but denying the relief on the merits); but the *Checiek* court relied on the *Gilbert* opinion, which is not, as already explained, an alter ego case. The Trustee also cited *Bakst v. Smokemist, Inc. (In re Gladstone)*, 513 B.R. 149 (Bankr. S.D. Fla. 2014) which case only held that a trustee's cause of action for determination that assets owned by artificial entities created by the debtor were included in property of the estate was a core bankruptcy proceeding; there is no indication in the opinion that the existence of the cause of action was ever disputed or considered. Finally, the Trustee cited a New York case, *Pergament v. Yerulshami (In re Yerushalmi)*, 487 B.R. 98, 106 (Bankr. E.D.N.Y. 2012) which case authorized a chapter 7 trustee of an individual debtor estate to bring an alter ego/reverse veil piercing claim on behalf of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code. However, the bankruptcy court relied on corporate veil piercing cases with no explanation why those cases should apply equally in an individual veil piercing case.

[3] The Trustee did not provide a copy of the opinion, but the Court is confident that the opinion located by the Court's staff is the opinion on which the Trustee relies. A copy of the opinion is attached to this Order.

5

collapsing corporate entities for the benefit of creditors of the corporation.

In *Dania Jai-Alai* the Florida Supreme Court looked at many of its cases on veil piercing in holding that its precedent required a showing of improper conduct in order to pierce the corporate veil. 450 So. 2d at 1121. In reaffirming its prior holdings, the Florida Supreme Court re-examined *Biscayne Realty & Ins. Co. v. Ostend Realty Co.*, 148 So. 560 (Fla. 1933). In *Biscayne Realty* the Florida Supreme Court held

> If the stockholders of a corporation enter into a transaction in their individual and private interests, and utilize the name of the corporation merely as a convenience for the completion of the transaction, where the legal entity as such has no interest in the matter, but the name is used to mislead creditors or perpetrate a fraud upon them, the legal entity in the name of which the transaction was carried will be ignored and the parties held to individual liability.
>
> This doctrine is but the logical sequence of the principle that a corporation cannot be formed for the purpose of accomplishing a fraud, or other illegal act, under the guise of the fiction that a corporation is a legal entity separate and distinct from its members. When this is attempted, the fiction will be disregarded by the courts and the acts of the real parties dealt with as though no corporation had been formed.

148 So. at 564-565(citations omitted). Thus *Biscayne Realty* makes clear that the focus of veil piercing, as highlighted by Judge Glenn in *Haisfield*, is the injury to creditors, whether those creditors be of the corporate entity or of the individual shareholder or member – the focus is on the abuse of the corporate structure. Accordingly, this Court recedes from its holding in *Kodsi* with respect to its holding that Florida law does not recognize veil piercing and alter ego as remedies when the debtor is an individual.

The *Haisfield* court also addressed an issue that this Court did not need to decide in *Kodsi* - that is, whether the bankruptcy trustee ever has standing to bring an alter ego claim, or whether, since the trustee is "standing in the shoes of the debtor", that claim may only be brought by individual creditors. The Court addressed this briefly in the *Kodsi* opinion and discussed the

6

narrow and broad interpretations of *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987 (Fla. 3d DCA 1998). Now having to address this issue directly, this Court agrees with Judge Glenn's conclusion in *Haisfield* and with Judge Olson's conclusion in *Brown v. Luboff (In re: Sigma-Tech Sales, Inc.)*, 2016 WL 4224090 (Bankr. S.D. Fla. 2016), that the Trustee does have authority to bring the alter ego claim.

In the Complaint, the Trustee has alleged that the Debtor has abused the business forms of the defendant corporate entities to the detriment of the Debtor's creditors and the Estate and seeks to redress the abuse with the alter ego claim. These allegations fit within the framework of the cause of action.

Accordingly, the Motion is denied with respect to Count I of the Amended Complaint.

### Declaratory Judgment

In Count II of the Amended Complaint, the Trustee seeks entry of a declaratory judgment that (i) the Debtor is the true owner of LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC; (ii) the Debtor's ownership interest is property of the Estate; and (iii) the Debtor holds his interest in LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC in trust for the benefit of the Estate. The Defendants argue that the Trustee failed to adequately allege a claim for declaratory relief. The Court agrees, as the Amended Complaint fails to include sufficient factual allegations, accepted as true at this stage of the proceedings, demonstrating that the Trustee is entitled to the relief he seeks in this Count.

Accordingly, the Motion is granted with respect to Count II of the Amended Complaint.

### Turnover

The Defendants argue that unless and until this Court makes a determination and/or finding that LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC are property of the

Estate, the Trustee is not entitled to turnover, thus, the Trustee's count for turnover is premature. The Trustee correctly counters that turnover can be sought in the same complaint that seeks to establish that the property subject of turnover is property of the estate. In this Amended Complaint, the Trustee sought—in Count I—an alter ego and veil piercing claim against LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC. Additionally, in Count II of the Amended Complaint, the Trustee sought a declaration that LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC are property of the Debtor and, therefore, property of the Estate. If the Trustee succeeds on either of those counts, then the conditions precedent for relief under the turnover count have been met.

Accordingly, the Motion is denied with respect to Count III of the Amended Complaint.

## Accounting

The Defendants argue that the Trustee's claim for an accounting relating to LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC should be dismissed because (1) an accounting is premature until this Court makes a determination that LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC are property of the Estate; and (2) if the Trustee wants to seek discovery from LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC, the Trustee should seek such discovery or information in the main bankruptcy case. As the Plaintiff admits that the basis for an accounting would be solely related to his success in obtaining turnover, the request for an accounting is premature. 11 U.S.C. §542(a) provides that an entity in possession, custody or control of property of the estate shall deliver to the trustee, and account for, such property or the value of such property. In this case, any accounting regarding the value of the assets that the Trustee is seeking to be turned over to the estate, is not relevant, unless and until the Trustee successfully prosecutes his claims in this case and the Court awards the Trustee

turnover of the assets. Moreover, the Trustee has voluntarily agreed to dismiss his claim for an accounting. However, this shall not preclude the Trustee from seeking an accounting in connection with Count III of the Complaint (Turnover) pursuant to 11 U.S.C. §542(a).

Accordingly, the Motion is granted with respect to Count IV of the Amended Complaint.

### Equitable Lien/Constructive Trust

The Defendants argue that the Trustee failed to adequately allege a claim for an equitable lien or constructive trust relating LTG Foundation, TLG, IF MIS, Infiservice, TL2, Grupo IF, and PIMC. The Court agrees, as the Amended Complaint fails to include sufficient factual allegations, accepted as true at this stage of the proceedings, demonstrating that the Trustee is entitled to the relief he seeks in this Count.

Accordingly, the Motion is granted with respect to Count V of the Amended Complaint.

### Motion to Strike/Motion for More Definite Statement

The Defendants' Motion to Strike and/or Motion for More Definite Statement is Denied.

### CONCLUSION

In sum, the Motion is granted in part and denied in part. The Trustee shall have thirty days from the date of this Order to file a Second Amended Complaint, and the Defendants shall have twenty-one days thereafter to file a response to the Second Amended Complaint.

###

Copies furnished to:

Corali Lopez Castro, Esq.
(Attorney Lopez-Castro is directed to serve a copy of this order on all interested parties and file a certificate of service)