*TAGGED OPINION*



**ORDERED in the Southern District of Florida on January 2, 2019.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re | CASE NO. 15-20614-LMI |
| | CHAPTER 7 |
| LEONIDAS ORTEGA TRUJILLO, | |
| Debtor. | |
| | |
| ROBERT A. ANGUEIRA, | |
| Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | ADV. NO. 16-01277-LMI |
| LEONIDAS ORTEGA TRUJILLO, et al., | |
| Defendants. | |

**ORDER AND MEMORANDUM OPINION DENYING CORPORATE**
**DEFENDANTS'** ***ORE TENUS*** **MOTION FOR JUDGMENT ON PARTIAL FINDINGS**

The Court conducted a hearing on December 17, 2018, on an *ore tenus* motion for judgment on partial findings (the "Motion") made by defendants TLG The Language Group, LLC; I.F. Multicultural Interactive Solutions, LLC; TL2 Travel Live & Learn, LLC; Infiservice, Corp.; Grupo IF-USA, Inc.; Panama Investment Moon Corporation; and LTG Foundation (collectively, the "Corporate Defendants").  Having reviewed the record in this proceeding, including *inter alia* (i) the Second Amended Complaint [ECF #46] and (ii) pleadings setting forth legal argument relevant to the Corporate Defendants' Motion,[1] and having reviewed applicable law, including *inter alia* (i) the cases listed in the Corporate Defendants' Notice of Filing Authorities in Support of Corporate Defendants' Motion for Directed Verdict [ECF #323] and (ii) the cases cited by the parties during the December 17th hearing, the Court announced its bench ruling on the record at the conclusion of the hearing.  The following order memorializes and supplements the bench ruling issued by the Court on December 17, 2018.

---

[1] Recent pleadings in which the parties argued matters germane to the Corporate Defendants' Motion include: (i) Plaintiffs' Emergency Verified Motion for Prejudgment Writ of Attachment and Preliminary Injunctive Relief [ECF #281, pp. 10-11/13], (ii) Objection of Corporate Defendants to Plaintiffs' Emergency Verified Motion for Prejudgment Writ of Attachment [ECF #285, pp. 10-12/17], and (iii) Corporate Defendants' Emergency Motion for a Status Conference [ECF #298, p. 3/7].

I.   The Standard of Review

This matter came before the Court on the Corporate Defendants' Motion for Judgment on Partial Findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  The Corporate Defendants argued the Motion at the closing of the Plaintiffs' case in chief in this adversary proceeding.

"Rule 52(c) applies in cases where the court acts as both judge and finder of fact.  Accordingly, the court resolves conflicts in the evidence and also makes credibility assessments. . . .  Moreover, in evaluating the evidence[,] the court makes no special inferences in favor of the nonmoving party." *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 97 F. Supp. 2d 1181, 1184 (S.D. Fla. 2000) (citations omitted), *aff'd in part on other grounds, vacated in part on other grounds*, 15 F. App'x 848 (Fed. Cir. 2001). A trial court may enter judgment on partial findings where the plaintiff fails to make out a prima facie case, or where the plaintiff makes out a prima facie case but the court determines that a preponderance of the evidence cuts against the plaintiff's claim. *Stokes v. Perry*, No. 94 CIV. 05730(RO), 1997 WL 782131, at *9 (S.D.N.Y. Dec. 19, 1997) (citation omitted).

It is the Plaintiffs' burden to prove every element of the claims they assert against the Corporate Defendants. *See Schaffer*

*ex rel. Schaffer v. Weast,* 546 U.S. 49, 57 (2005) ("[W]e have usually assumed without comment that plaintiffs bear the burden of persuasion regarding the essential aspects of their claims."); *Little v. NCR Corp.,* 1995 WL 929019, at *3 (N.D. Ga. Dec. 7, 1995) ("At trial, Plaintiff bears the burden of proving each element of the causes of action pleaded in Plaintiff's Complaint."). Only when the Plaintiffs have met their initial burden, does the burden then shift to the Corporate Defendants to either rebut the Plaintiffs' evidence, or, where appropriate, put on proof of any statutory defenses on which the Corporate Defendants might rely.

In this proceeding, the Corporate Defendants argue that the Plaintiffs have failed to meet their burden regarding the Trustee's claims for alter ego as a matter of law and have failed to meet their legal burden with respect to asserting a nominee claim.

The underlying issue in this adversary proceeding is whether and to what extent the Corporate Defendants were, on the petition date,[2] property of the bankruptcy estate of Leonidas Ortega Trujillo ("LOT" or the "Debtor") under 11 U.S.C. § 541. In making that determination, what efforts have been made after the petition date and what changes have been made after the petition date may be relevant to put prepetition conduct into context, but postpetition conduct does not otherwise change what was the situation on the petition date.

---

[2] The Debtor filed bankruptcy on June 11, 2015 (the "petition date").

4

II. <u>Count 2 – Equitable Ownership</u>

The Corporate Defendants argue that the Trustee is clearly relying on the nominee theory in order to establish equitable ownership, and that, as a matter of law, that argument fails because the nominee theory only applies in taxpayer cases. Moreover, the Corporate Defendants argue, the Trustee may only rely on the Florida law on resulting trusts to establish an equitable ownership claim, which the Trustee has failed to do both in his pleadings and in his proof. The Court does not agree.

Federal courts are not as rigid with respect to the nominee theory as the Corporate Defendants would argue. Courts have recognized that the nominee theory is not exclusive to cases in which the claims are made to establish taxpayer liability. *See, e.g., Followell v. United States (In re Gurley)*, 357 B.R. 868 (Bankr. M.D. Fla. 2006), *remanded on other grounds,* 2009 WL 2901226 (M.D. Fla. Sept. 10, 2009)*; Menchise v. Steffen (In re Steffen),* 464 B.R. 450, 460 (Bankr. M.D. Fla. 2012), *aff'd sub nom., Daer Holdings, LLC v. Menchise (In re Steffen)*, 2014 WL 11428827 (M.D. Fla. Mar. 13, 2014), *aff'd per curiam,* 611 Fed. App'x 677 (11th Cir. 2015).

In the *Steffen* bankruptcy case, the bankruptcy court entered judgment in favor of the trustee on the trustee's nominee claim,[3] holding that, based on the nominee theory, the debtor continued to maintain an equitable ownership interest in property that had been sold by the bankruptcy estate. The bankruptcy court decided, in determining whether property was held by a nominee of the debtor, to apply the test from *Shades Ridge Holding Company, Inc. v. United States*, 888 F.2d 725 (11th Cir. 1989) ("*Shades Ridge*"), which considers

> (i) the control the taxpayer exercises over the nominee and its assets; (ii) the family relationship, if any, between the taxpayer and the corporate officers; and (iii) the use of corporate funds to pay the taxpayer's personal expenses.

*Menchise v. Steffen (In re Steffen),* 464 B.R. at 460 (citing *Shades Ridge* at 729).

The United States District Court for the Middle District of Florida (the "District Court") affirmed the bankruptcy court's ruling that the nominee theory could apply to the trustee's claim against the property. *Daer Holdings, LLC v. Menchise (In re Steffen)*, 2014 WL 11428827, at *4. The Corporate Defendants argue

---

[3] *Daer Holdings, LLC v. Menchise (In re Steffen)*, 2014 WL 11428827, at *3 n. 5("judgment was entered in favor of the Trustee in part (nominee theory)").

6

that in the *Steffen* appeal to the District Court, (i) the parties agreed that the nominee theory applied and (ii) the nominee claim belonged to the IRS when it intervened. The Corporate Defendants' arguments are a misreading of the District Court's opinion.

It is clear from the bankruptcy court's and the District Court's opinions that the *Steffen* trustee sought a determination that the property at issue was property of the bankruptcy estate based on the nominee theory, a claim that the IRS also made when it intervened. And the District Court stated that the parties agreed that the correct test to determine whether the purchaser of the property was the nominee of the Debtor was the *Shades Ridge* test, not that the parties agreed that the nominee theory applied in general. *Daer Holdings, LLC v. Menchise (In re Steffen)*, No. 2014 WL 11428827, at *5. Ultimately, the United States Court of Appeals for the Eleventh Circuit concluded that neither the bankruptcy court nor the District Court committed reversible error when both lower courts applied the *Shades Ridge* test to determine that the purchaser was the debtor's nominee. *Daer Holdings, LLC v. Menchise (In re Steffen),* 611 Fed. App'x 677.

The Corporate Defendants also incorrectly rely on the District Court's opinion in *Steffen* to support the Corporate Defendants' argument that, under Florida law, only a resulting trust claim would enable the Trustee to prevail on his equitable ownership count. In *Steffen*, the District Court cited *Towerhouse*

*Condominium, Inc. v. Millman*, 475 So. 2d 674, 677 (Fla. 1985) ("*Towerhouse*") in support of its holding that "Florida law recognizes that bare legal title is not determinative of all property rights, and that an ownership interest may be with a party who is not the titleholder of record." *Daer Holdings, LLC v. Menchise (In re Steffen)*, 2014 WL 11428827, at *5 (citing *Towerhouse*). The Corporate Defendants are correct that *Towerhouse* is a resulting trust case. But it is clear that the District Court was using *Towerhouse* to illustrate that, under Florida law, bare legal title is not the end stop in determining ownership; not that resulting trusts are the sole available method to resolve that issue.

This is underscored by the District Court in a footnote quoting another Florida district court - "While the federal courts generally apply the law of the forum state (in this case, Florida) to resolve nominee, alter-ego and similar questions, Florida, like many states, does not have a bright-line test for determining nominee ownership. Therefore, federal common law applies." *Daer Holdings, LLC v. Menchise (In re Steffen)*, 2014 WL 11428827, at *4 n.6 (quoting *United States v. Dornbrock*, 06-61669-CIV, 2008 WL 769065, at *5 (S.D. Fla. Jan. 17, 2008), *aff'd*, 309 Fed. App'x 359 (11th Cir. 2009)); *accord Followell v. United States (In re Gurley)*, 357 B.R. 868 (Bankr. M.D. Fla. 2006) (in a non-taxpayer case involving the Environmental Protection Agency, the bankruptcy

8

court referred to the nominee theory in holding that the debtor's wife was the debtor's nominee with respect to the debtor's assets and that the debtor was the equitable owner of all he had tried to transfer to his wife), *remanded on other grounds,* 2009 WL 2901226 (M.D. Fla. Sept. 10, 2009).

The Corporate Defendants incorrectly assert that the Trustee has no claim cognizable under Florida law. The Trustee relies on Florida property law concepts – as do the nominee cases cited by both parties. There are many Florida cases that give effect to a non-title holder's equitable interest in property independent of a resulting or constructive trust theory. *See, e.g., Miller v. Berry*, 82 So. 764 (Fla. 1919) (judgment creditors have no rights in property transferred to a judgment debtor by deed that "vested no beneficial interest" in the judgment debtor, and "beneficial owner . . . is not estopped to assert his ownership as against such [judgment] creditor[s]"); *Christensen v. Bowen*, 140 So.3d 498, 501-02 (Fla. 2014) (describing a "bare legal title" exception to the dangerous instrumentality doctrine); *Ball v. Ball*, 335 So.2d 5 (Fla. 1976) (in a marriage dissolution proceeding, "record title [ordinarily] speaks for itself" but there is a "special equity" exception). To paraphrase the Trustee's counsel, Mr. Rosendorf, "they call it [i.e. bare legal title] lots of things – nominee is just one name." *See, for example,* Fla. Stat. §§ 607.07401(1), (7) (2018) (In the context of derivative actions, Florida law expressly

9

defines a shareholder authorized to "commence a proceeding in the right of a domestic or foreign corporation" to "include[] a beneficial owner whose shares are . . . held by a nominee on his or her behalf.").

Because the Trustee has established a prima facie case of equitable ownership under Florida law, the Corporate Defendants' motion on that ground is denied.

### III. Count 1 – Alter Ego

The Corporate Defendants argue that the Court must enter judgment in their favor on Count I of the Complaint because there is no dispute that the Debtor is not a shareholder of any of the Corporate Defendants and therefore, as a matter of law, the Trustee is not entitled to an alter ego ruling.

The test under Florida law to establish a claim for alter ego/piercing the corporate veil has three parts:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla.3d DCA 2008)).

In *Molinos*, the Eleventh Circuit held that Florida law would require shareholder status but then acknowledged *Walton v. Tomax Corp.*, 632 So.2d 178, 181 n. 2 (Fla. 5th DCA 1994) in which the marital relationship between the shareholder and the defendant was such that the economic proceeds of the corporation would "likely benefit the entire family unit." *Molinos* at 1350. And the Eleventh Circuit held that in such an instance, the Florida Supreme Court would likely find that relationship dispositive.

The Eleventh Circuit recognized the interest of the defendant in the corporation through the familial relationship. The Corporate Defendants argue that the familial-relationship exception is limited to husband and wife. However, that reading of *Molinos* is too narrow. First, *Molinos* talks about the benefit to "the entire family unit". There is no reason to limit the family unit to husband and wife. Indeed, *Molinos* several times mentions "ownership" as the focus of *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114 (Fla. 1984) ("*Sykes*"). *See, e.g., Molinos* at 1349 ("The theme of ownership underlies Florida's leading case on piercing the corporate veil." (citing *Sykes*)).

Therefore, the Court finds that it is in fact ownership, whether through a family unit or any other "relationship with the

corporation under any theory that would warrant holding him liable for the debts of the corporation" *Molinos* at 1350 (quoting *Sykes* at 1118), that is the controlling inquiry dictated by *Molinos*. Consequently, the Court does not need to decide whether it can disregard the holding of *Molinos*. The Court's ruling is completely consistent with the ruling in *Molinos*.

In this case the Trustee has presented evidence that, even were the stock or beneficial interests held by the Debtor's children, the Debtor derived all, or most, of the benefit in the various Corporate Defendants. That is certainly sufficient to defeat the Corporate Defendants' Motion at this juncture.

Moreover, the implicit interest due to familial relationship that the Eleventh Circuit recognized in *Molinos* as an exception to the "shareholder" rule is even more telling when the allegation of the plaintiff is that the defendant is, in truth, the true owner of a corporation, such as is the allegation of the Plaintiffs with respect to the equitable ownership claim. There is no factual distinction between the presumed economic benefit and consequent availability of alter ego as a theory of recovery arising from the bonds of family, and the presumed economic benefit arising from actual equitable ownership if so proven.

*Molinos* acknowledges that *Sykes* looks at ownership as the controlling issue. The Corporate Defendants' only argument is that because the Debtor is not the record shareholder of any of

the Corporate Defendants, the Plaintiffs' alter ego claim must fail; that argument is flawed and the Motion is denied.

The Court also rejects the Corporate Defendants' argument that alter ego cannot apply to a trust; the Court finds that there is sufficient case law to support the Trustee's claims. The "trust" at issue is defendant LTG Foundation, which the Trustee has alleged is a sham Panamanian foundation created by the Debtor, with the assistance of Mossack Fonseca & Co., to shield assets from creditors [ECF #46, p.7, para. 29]. The Corporate Defendants cite a bankruptcy opinion in which the court "doubts that[,under Florida law,] the alter ego doctrine applies to irrevocable trusts." *Henkel v. The Brothers Mill, Ltd. (In re Eddy)*, 2015 WL 1585513, at *4 (Bankr. M.D. Fla. Apr. 3, 2015). That opinion is not persuasive here because (i) the Corporate Defendants concede that LTG Foundation is not an irrevocable trust – if in fact LTG Foundation is a trust at all [ECF #16, p.6, para. 14](the trustee in *Eddy* conceded that the trust at issue "was created as a valid irrevocable trust" under Florida law), and (ii) the court in *Eddy* expressly limited its ruling to "the circumstances presented in this case" and recognized that, outside of Florida, some courts have applied alter ego to trust relationships. *Id.*

The Court finds more persuasive a Florida appellate court opinion that reversed a trial court's entry of summary judgment on the issue of whether a non-profit corporation can be the alter ego

13

of an individual. *Barineau v. Barineau*, 662 So. 2d 1008 (Fla. 1st DCA 1995). The *Barineau* court acknowledged that "[t]he equitable character of the [alter ego] remedy permits a court to look to the substance of the organization, and its decision is not controlled by the statutory framework under which the corporation was formed and operated." *Id.* at 1009 (citation omitted). Here, the Plaintiffs have created a sufficient factual record for the Court to find cause to look beyond the form of LTG Foundation, including, *inter alia*, the fact that the Debtor and his wife are the only persons who have ever received any distributions from the LTG Foundation, notwithstanding the Debtor's transfer of his beneficial interest in LTG Foundation to his children (which the children may or may not have later disclaimed).

For these reasons, the Corporate Defendants' Motion as to Count 1 is denied.

IV. Count 3 – Turnover

The Corporate Defendants argue that, since the Corporate Defendants in the Unites States are now in an assignment for the benefit of creditors, there is nothing to turn over. However, the Trustee's counsel correctly argued that in the absence of proof by the Corporate Defendants that there are NO remaining assets subject to turnover, the Court cannot make any finding that there are none.

14

V.   Damages

The Corporate Defendants argue that the Plaintiffs have failed to put on proof of any damages.  The Court finds that the Plaintiffs have put on evidence of damages; the quality of that evidence will be determined if and at such time as that alternative remedy is required. The Court does not see the need to go through the damages evidence in connection with this ruling.  Because, as the Court previously noted, the Court's decision to enter a judgment on partial findings under Rule 52(c) is discretionary, Fed. R. Civ. P. 52(c) ("The court may, however, decline to render any judgment until the close of the evidence."), the Court declines to exercise such discretion with respect to the damages issue.

Based on the foregoing, therefore, it is -

**ORDERED** that the Corporate Defendants' Motion is denied.

###

COPIES TO:
Robert A. Angueira, Esq.
Joanne Gelfand, Esq.
Jeffrey Kucera, Esq.
Corali Lopez-Castro, Esq.

CLERK TO SERVE:
Leonidas Ortega Trujillo
2333 Brickell Avenue, Apt. 1117
Miami, FL 33131